UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOIS L D'AMOUN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERALD VILLARREAL, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01008-MEJ<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 12, 17 |

## INTRODUCTION

　　Pending before the Court is Defendants Gerald Villarreal's and Robert Maddock's Motions to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. Nos. 12 (Maddock Mot.), 17 (Villarreal Mot.). Plaintiff Vancois L. D'Amoun ("Plaintiff"), who is representing himself in this case, has filed an Opposition to Maddock's Motion (Dkt. No. 25), but did not file an opposition to Villarreal's Motion. The Court finds these matters suitable for disposition without oral argument and VACATES the July 23, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** both Motions for the reasons set forth below.

## BACKGROUND

　　This matter arises out of a criminal case prosecuted against Plaintiff in Sonoma County. Compl. at 1-2, Dkt. No. 1. Villarreal was appointed by the Superior Court to represent Plaintiff in the case; Maddock was the assigned prosecutor. Maddock Req. for Judicial Not., Ex. A (docket from *People v. D'Amoun*, Case No. SCR-599048, in the Superior Court of Sonoma ("Sonoma

Dkt.")), Dkt. No. 13.[1]  The case proceeded to trial in June 2012, and the jury convicted Plaintiff of possession for sale of marijuana, a violation of California Health and Safety Code section 11359, and transportation of marijuana, a violation of California Health and Safety Code section 11360. *See generally* Sonoma Dkt.  On July 19, 2012, the trial court granted Plaintiff a three-year probationary period with a 90-day jail sentence and other conditions of probation.  *Id.*

Plaintiff filed a timely notice of appeal, and on March 28, 2014, the Court of Appeal for the First Appellate District, Division Five, issued its opinion affirming the judgment of the court in all respects.  Villarreal Req. for Judicial Not., Exs. B & C.  On July 9, 2014, the California Supreme Court denied Plaintiff's petition for review.  *Id.*, Ex. B.

Plaintiff filed the present Complaint on March 4, 2015, alleging that Villarreal "performed incompetent legal representation in a criminal matter."  Compl. at 1.  He alleges Villarreal "exhibited racial bias" and "used disparging [sic] racial comments toward the plaintiff."  *Id.* at 1-2.  He further alleges that Villarreal "refused to use the plaintiff prempetroy [sic] challenges to keep black juror's [sic] from being excluded from the plaintiff's jury."  *Id.* at 2.  Although named in the caption, Plaintiff makes no allegations against Defendant Maddock.  Plaintiff's Complaint alleges violations of his right to an impartial jury under the Sixth Amendment, the Due Process Clause of the Fourteenth Amendment, and a cause of action under 42 U.S.C. § 1983.  He seeks $200,000 in compensatory damages and $1,000,000 in punitive damages.  *Id.* at 3.

Maddock filed his Motion to Dismiss on May 7, 2015.  He argues that Plaintiff's Complaint does not contain any allegations regarding him and thus fails to state a claim against

---

[1] Maddock requests that the Court take judicial notice of the Sonoma Superior Court's docket, as well as the unpublished decision of the California Court of Appeals, First Appellate District, Division Five, affirming the jury's verdict. Dkt. No. 13, Exs. A (Sonoma Dkt.), and B (appeals court decision, Case No. A136126).  Villarreal also requests the Court take judicial notice of the Sonoma court's docket, as well as the appellate court's docket and the appellate court's decision. Dkt. No. 18, Exs. A-C.  Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  Public records, including judgments and other court documents, are proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Accordingly, the Court **GRANTS** Defendants' requests for judicial notice.

1   him for which relief can be granted. Maddock Mot. at 2. Even if Plaintiff did state allegations
2   against him, Maddock maintains that he is absolutely immune from any possible claims pursuant
3   to the doctrine of prosecutorial immunity. *Id.*

4   Villarreal filed his Motion to Dismiss on May 8, 2015. He argues that Plaintiff's claims
5   against him fail because he was acting as Plaintiff's appointed counsel, not as an operative of the
6   State. Villarreal Mot. at 3.

7   As Plaintiff initially failed to file any opposition(s) pursuant to Civil Local Rule 7, the
8   Court vacated the motion hearings on May 26, 2015 and ordered him to show cause why the case
9   should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt.
10  No. 24. Although Plaintiff did not respond to the order to show cause, he did file an Opposition to
11  Maddock's Motion on June 11. Dkt. No. 25. As it appeared that Plaintiff was prepared to
12  prosecute this case (at least as to Defendant Maddock), the Court discharged the order to show
13  cause as to Maddock's Motion, granted Maddock until July 2 to file a reply, and scheduled a
14  hearing on July 23, 2015. Dkt. No. 26. As to Villarreal's Motion, the Court ordered Plaintiff to
15  file an opposition or statement of non-opposition by June 30, 2015, and advised him that the Court
16  would dismiss Villarreal if he failed to file an opposition by that date. *Id.* Despite this Order,
17  Plaintiff still failed to file any response to Villarreal's Motion.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

As noted above, Plaintiff alleges violations of his right to an impartial jury under the Sixth

Amendment, the Due Process Clause of the Fourteenth Amendment, and a cause of action under 42 U.S.C. § 1983. Compl. at 1-3. As a preliminary matter, "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) (citing *Azul-Pacifico Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)). Thus, to the extent that Plaintiff seeks to bring claims for violations of his constitutional rights, they can only be brought pursuant to § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As to Plaintiff's claims against Villarreal, one cannot sue his lawyer for allegedly ineffective assistance in a § 1983 action. An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person must to be liable under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981). The allegations of Plaintiff's Complaint concern alleged deficiencies in Villarreal's representation during Plaintiff's criminal trial. They thus fall squarely within the scope of work that *Polk County* has determined is not actionable under § 1983. Accordingly, Plaintiff's claims against Villarreal are **DISMISSED** for failure to state a claim upon which relief may be granted.

As to Plaintiff's claims against Maddock, Plaintiff has failed to allege any facts that show his conduct was the proximate cause of any alleged violation of his rights. However, even if Plaintiff alleged such facts, a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity from a § 1983 action. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976) ("[I]n initiating a prosecution and in

5

1  presenting the State's case, the prosecutor is immune from a civil suit for damages under [42
2  U.S.C.] § 1983.").

3   Finally, to the extent that Plaintiff is seeking to challenge his state court conviction through
4  this lawsuit, such an attempt would be barred by the *Rooker-Feldman* doctrine.  The *Rooker-
5  Feldman* doctrine takes its name from two Supreme Court decisions demonstrating the
6  "jurisdictional rule prohibiting federal courts from exercising appellate review over final state
7  court judgments."  *Reusser v. Wachovia*, 525 F.3d 855, 859 (9th Cir. 2008); *see also D.C. Court
8  of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).
9  At its core, the *Rooker-Feldman* doctrine stands for the proposition that a case must be dismissed
10 "when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court,
11 and seeks relief from a state court judgment based on that decision."  *Reusser*, 525 F.3d at 859
12 (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *cert. denied*, 552 U.S.
13 1037 (2007)).  Here, Plaintiff is challenging the validity of his state court conviction by claiming it
14 was "illegal" and the product of racial bias.  *See* Opp'n at 1-2.  Thus, pursuant to the *Rooker-
15 Feldman* doctrine, the Court does not have jurisdiction to hear this complaint.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Maddock's and Villarreal's Motions to Dismiss.  As amendment would be futile, dismissal is without leave to amend.  The Clerk of Court shall terminate this matter.

**IT IS SO ORDERED.**

Dated: July 2, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VANCOIS L D'AMOUN,

    Plaintiff,

    v.

GERALD VILLAREAL, et al.,

    Defendants.

Case No.  15-cv-01008-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vancois L D'Amoun
1941 Grande Circle
Unit 14
Fairfield, CA 94533

Dated: July 2, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES